**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

In re:                                                    Case No. 16-10389-AJC

LIZA HAZAN a/k/a ELIZABETH HAZAN,          Chapter 11

      Debtor,

_____/

<u>**NOTICE OF APPEAL AND/OR PETITION FOR WRIT OF MANDAMUS**</u>

Chris Kosachuk, by and through undersigned counsel, appeals under 28 U.S.C. § 158(a) and/or petitions under 28. U.S.C. 1651(a) to the United States District Court for the Southern District of Florida from the Order Denying Motion to Recuse [D.E. 1276], filed on August 17, 2022, of U.S. Bankruptcy Judge A. Jay Cristol and entered on the docket on August 17, 2022 in this case (the "Order") a copy of which is attached to this Notice of Appeal and/or Petition.

This Notice of Appeal and/or Petition is related to a pending appeal before the Honorable Robert N. Scola, captioned as, *NLG, LLC, v. Liza Hazan* under case number 18-20186-CIV-SCOLA which is an appeal of the Discharge Order in this same bankruptcy.

This Notice of Appeal and/or Petition is related to a pending appeal before the Honorable Robert N. Scola, captioned as, *Kosachuk, v. Liza Hazan* under case number 22-21485-CIV-SCOLA which is an appeal of the Order Denying Motion to Compel Post Confirmation Quarterly Operating Reports in this same bankruptcy.

This Notice of Appeal and/or Petition is related to a pending appeal before the Honorable Robert N. Scola, captioned as, *Kosachuk, v. Liza Hazan* under case number 22-22071-CIV-SCOLA which is an appeal of the Order Granting Liza Hazan's Expedited Motion for Contempt, to Strike Lis Pendens and To Impose Sanctions in this same bankruptcy.

This Notice of Appeal is related to a pending appeal before the Honorable Robert N. Scola, captioned as, *Kosachuk, v. Liza Hazan* under case number 22-22351-CIV-SCOLA which is an appeal of the Order Denying Motion To Dismiss in this same bankruptcy.

In appealing from this Order, Mr. Kosachuk appeals from all orders and decisions antecedent and ancillary thereto, including all interlocutory judgments, decrees, rulings, reports, recommendations and opinions that merged into and became part of the Order, that shaped the Order, that are related to the Order and upon which the Order is based.

The names of all parties to the judgment, order or decree appealed from and the names, addresses, and telephone numbers of their respective attorneys are as follows:

**Part 1. Identify the appellant:**

1.  Name of Appellant:  Chris Kosachuk

2.  Position of Appellant: Interested Party

**Appellant: Chris Kosachuk**                    **Attorneys**

Chris Kosachuk                                         Astrid E. Gabbe
854 Pheasant Run Road                          The Law Office of Astrid E. Gabbe, P.A.
West Chester, PA 19382                          Florida Bar No. 635383
                                                             P.O. Box 4216
                                                             Hollywood, FL 33083
                                                             Tel. (954) 303-9882
                                                             Fax. (954) 983-1427

**PART 2. Identify the subject of this appeal:**

1.  Describe the judgment, order or decree appealed from:

Order Denying Motion to Recuse [D.E. 1276].

2.  State the date on which the Order was entered on the docket: August 17, 2022

**PART 3: Identify the other parties to the appeal**

**Party: Debtor/Appellee**

**Attorney**

Liza Hazan a/k/a Elizabeth Hazan
6913 Valencia Drive
Fisher Island, FL 33109

Joe M. Grant
MARSHALL SOCARRAS GRANT, P.L.
197 South Federal Highway, Suite 300
Boca Raton, FL 33432
Telephone No. 561-361-1000
Facsimile No. 561-672-7581
Email: jgrant@msglaw.com

David W. Langley
LAW OFFICES OF DAVID W. LANGLEY
8551 W. Sunrise Blvd.
Suite 303
Fort Lauderdale, FL 33322
Telephone No. 954-356-0450
Fax No. 954-356-0451
Email: dave@flalawyer.com

**Party: Debtor/Appellee**

**Attorney**

Daniel A. Bushell
BUSHELL LAW, P.A.
6400 North Andrews Avenue, Suite 505
Fort Lauderdale, Florida 33309
Phone: 954-666-0220
dan@bushellappellatelaw.com

JOEL M. ARESTY, P.A.
309 1st Ave S
Tierra Verde FL 33715
Tel 305--904--1903
Fax 800--559--1870
E--mail Aresty@Mac.com

August 31, 2022.

**Attorneys for Chris Kosachuk**
*/s/ Astrid E. Gabbe*
Astrid E. Gabbe
The Law Office of Astrid E. Gabbe, P.A.
Florida Bar No. 635383
P.O. Box 4216
Hollywood, FL 33083
Tel. (954) 303-9882
Fax. (954) 983-1427
astridgabbe@gmail.com

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 31st day of August 2022 a true and correct copy of foregoing was electronically filed with the Court's CM/ECF system, which will electronically serve a copy of the foregoing document on all parties of record.

Respectfully submitted,

**Attorneys for Chris Kosachuk**
*/s/ Astrid E. Gabbe*
Astrid E. Gabbe
The Law Office of Astrid E. Gabbe, P.A.
Florida Bar No. 635383
P.O. Box 4216
Hollywood, FL 33083
Tel. (954) 303-9882
Fax. (954) 983-1427
astridgabbe@gmail.com

## <u>SERVICE LIST</u>

***<u>Served via CM/ECF or Email</u>***
All parties of record



**ORDERED in the Southern District of Florida on August 17, 2022.**

_____

**A. Jay Cristol, Judge**
**United States Bankruptcy Court**

---

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

In re:                                      Case No. 16-10389-BKC-AJC

LIZA HAZAN,

     Debtor.

_____/

**ORDER DENYING MOTION TO RECUSE**

    **THIS MATTER** came before the Court upon *Chris Kosachuk's Verified Motion to Recuse Judge A. Jay Cristol Pursuant to 28 U.S.C. §§144 and 455* (ECF 1252). Mr. Kosachuk asserts this Court is biased and prejudiced against him.

    A bankruptcy judge shall be governed by 28 U.S.C. §455, and disqualified from presiding over the proceeding or contested matter in which the disqualifying circumstance arises

1

or, if appropriate, shall be disqualified from presiding over the case. Pursuant to 28 U.S.C. §455(a), a judge has a duty to disqualify himself when "his impartiality might reasonably be questioned." The operative word in the statute is "reasonable." *See* _In re International Business Machines,_ 618 F.2d 923 (2d Cir. 1980) (statute provides objective standard for recusal, creating the so-called "appearance of justice" rule). In determining whether a judge should disqualify himself, one must ask what a reasonable person knowing all the relevant facts would think about the impartiality of the judge.

The Debtor has alleged no factual basis for doubting the Court's impartiality. Prior to the filing of this case, the Court had never been aware of or heard of the existence of Chris Kosachuk, or the Debtor for that matter. The Court had no knowledge of Mr. Kosachuk's animus toward this Debtor and only learned of his apparent vendetta in this case in connection with the Debtor's stripping of a lien in this bankruptcy, as well as other legal activity in other judicial forums.

The suggestion that Mr. Kosachuk's appellate Statement and Designation were "held up" just so the Court could dismiss the appeal of its own contempt order against Mr. Kosachuk is preposterous and unfounded.  So too is the baseless allegation that the undersigned personally filled out an envelope to mail back the papers to the movant. Simply because Mr. Kosachuk "finds it hard to believe" it took 12 days for his documents to reach the Court, is no justification for a showing of bias or prejudice by the undersigned upon dismissal of Mr. Kosachuk's appeal. While Mr. Kosachuk wishes to represent himself in these proceedings and on appeal, he must still follow the rules of the Court, the U.S. District Court for the Southern District of Florida and the Bankruptcy Rules. In that regard, he must meet all deadlines ***timely*** or suffer the consequences of untimely filings, which in this instance was the dismissal of his appeal.

The Court has no prejudice towards Mr. Kosachuk. This is not a matter of prejudgment, but rather Mr. Kosachuk is not pleased with the findings, judgments and adjudications regarding his actions in this case where he has done everything within his imagination to hinder and delay the administration of this case. Chris Kosachuk's claims at this late stage of the proceedings are insincere and disingenuous, if not totally transparent. The motion to recuse was not filed until multiple adverse findings, rulings and determinations were made regarding Mr. Kosachuk's conduct in this case in violation of Court orders and bankruptcy law.

Mr. Kosachuk's motion is wholly insufficient in that it states no grounds on which this Court should even consider entering an order disqualifying itself. To disqualify a judge, one must allege bias derived from an extra-judicial source. _U.S. v. Grinnell_, 384 U.S. 563, 583, 86 S.Ct. 1698, 1710, 16 L.Ed.2d 778 (1966). "The nature of the judge's bias must be personal and not judicial." _In re Beard_, 811 F.2d 818, 827 (4th Cir. 1987). There is no basis alleged in the motion to support the claim that this Court harbors extra-judicial personal prejudice or bias. Section 455 is not intended "to enable a discontented litigant to oust a judge because of adverse rulings made, for such rulings are reviewable otherwise. _Berger v. US_, 255 U.S. 22, 31, 41 S.Ct. 230, 232, 65 L.Ed. 481, 483 (1921).

Granting Mr. Kosachuk the relief requested would certainly relieve this Court of any further duties pertaining to this estate; but, this Court has an obligation to hear all matters assigned to it unless some **_reasonable_** factual basis to doubt the impartiality or fairness of the tribunal is shown by some kind of probative evidence. This Court has no personal bias or prejudice with respect to Mr. Kosachuk that would warrant recusal.

The motion is frivolous and the Court is unaware of any reason why it cannot fairly and impartially adjudicate matters in this case. For the foregoing reasons, it is

3

ORDERED AND ADJUDGED that the *Chris Kosachuk's Verified Motion to Recuse the Judge A. Jay Cristol Pursuant to 28 U.S.C. §§144 and 455* (ECF 1252) is DENIED.

### ###

Copies furnished to all interested parties of record by the Clerk of Court.

4